# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWARD THPOMPSON and DEBORAH THOMPSON, h/w | |
| Plaintiffs, | **Hon. Joseph H. Rodriguez** |
| v. | Civil Action No. 14-2397 |
| HARRAH'S ATLANTIC CITY HOLDING, INC., et. al. | |
| Defendants. | **Opinion** |

This matter arises out of an incident that occurred on May 30, 2012, at Harrah's Casino in Atlantic City. Plaintiff claims that he suffered extensive burns to his feet while walking across the outside pool deck. He filed a three-count complaint against several defendants, including the moving defendant, Roofblok Limited, alleging negligence, violations of New Jersey's Product Liability Act, N.J. Stat. Ann. § 2A:58C-1, and his wife's loss of consortium claim. Specifically, he alleges that Roofblok designed, manufactured, assembled, processed, distributed, reconditioned, maintained, services, installed, inspected and made available for use and/or advertise the pool and sundeck in question, and/or more of its component parts, which are hereinafter referred to as "the product" which were

1

ultimately sold or leased to the hotel defendants and/or one or more of defendant John Doe Corporations, and which ultimately caused the Plaintiffs' injuries and damages.

Roofblok moves for summary judgment pursuant to Fed. R. Civ. P. 56. The Court has considered the written submissions of the parties, without oral argument. For the reasons that follow, summary judgment is granted in favor of Roofblok.

I. **<u>Standard of Review</u>**

A court will grant a motion for summary judgment if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. <u>Pearson v. Component Tech. Corp.</u>, 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986)); <u>accord</u> Fed. R. Civ. P. 56 (c). Thus, this Court will enter summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c).

An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit.  Id.  In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  Id.; Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994).  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  Andersen, 477 U.S. at 256-57.  Indeed, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who

fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex, 477 U.S. at 322.

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249.  Credibility determinations are the province of the finder of fact.  Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

## II. **Analysis**

There is no evidence in the record to create a genuine issue of material fact related to whether Rookblok's pavers were a proximate cause of Howard Thompson's injury and summary judgment is granted in favor of Roofblok.

To establish a right to relief under New Jersey's Product Liability Act, "a plaintiff must show that the defendant manufactured the product, that a reasonably foreseeable user was injured, that the product was defective, that the defect existed when it left the defendant's control, and that the defect was the actual and proximate cause of the plaintiff's injury." Worrell

v. Elliott & Frantz, 799 F. Supp. 2d 343, 350 (D.N.J. 2011) (citing Myrlak v. Port Auth. of N.Y. and N.J., 723 A.2d 45, 52 (N.J. 1999)).

> To establish a claim for common law negligence,
>
> [A] plaintiff must prove tortious conduct, injury and proximate cause. "Proximate cause" has been defined as "any cause which in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the result complained of and without which the result would not have occurred." The burden of proof rests upon the plaintiff to prove a causal relationship by a preponderance of the evidence. Thus, a plaintiff must show that a defendant's conduct constituted a cause-in-fact of his injuries.

Dawson v. Bunker Hill Plaza Associates, 673 A.2d 847, 853 (N.J. Super. App. Div. 1996) (citations omitted).

There is no competent evidence in the record to demonstrate that any pavers manufactured by Roofblok were incorporated into Harrah's pool deck on May 30, 2012. The outdoor pool deck at Harrah's was constructed in 2007 with concrete pavers installed by defendant Thomas Company, Inc.

According to Thomas, the manufacturer of the installed concrete pavers was Westile. See M. Thomas Dep. at 15-16. Thomas completed the original installation of the concrete pavers at Harrah's in April of 2007. Thomas subsequently sold replacement pavers to Harrah's in 2011 and 2013. According to Michael Thomas, Harrah's would call from time to time to obtain replacement pavers to replace broken ones. Thomas would then

5

order the pavers from the manufacturer and deliver them to Harrah's, whose maintenance staff would then install them. See M. Thomas Dep. at 18. Thomas was unsure if the replacement tiles he obtained in 2011 and 2013 came from Westile. He recalled locating a different supplier that sold tiles in the same color as the original, but had no specific recall of the manufacturer or supplier from which he ordered them. See M. Thomas Dep. at 18-19. Delivery receipts show that on September 21, 2011, Thomas delivered forty ginger pavers to Harrah's, and that on September 30, 2011, it delivered another fifty-four ginger pavers. The identity of the manufacturer and upper-level distributor, if any, are not noted. See Receipts. A second purchase order shows that Harrah's purchased an additional seventy-five pavers from Thomas on December 5, 2012, with a delivery date of January 30, 2013. The paver color is not specified in the documents, which post-date the accident by several months. See Purchase Order.

Roofblok's President, Paul Keating, is the person most knowledgeable about the sale of pavers to Thomas. In an affidavit, he stated that he searched Roofblok's records for sales of 2' x 2' x 2" pavers to Thomas, and found that the first instance occurred on April 17, 2012, at which time Thomas purchased 100 sienna concrete pavers. See Keating Aff. at ¶ 4.

The sienna concrete pavers were not delivered to Thomas until May 8, 2012, and the bill of lading shows that these were sent to Thomas' facility on Delilah Road in Egg Harbor Township. See Keating Aff. at ¶ 5. Roofblok's next sale of pavers to Thomas occurred on October 23, 2012, when Thomas purchased 264 natural grey pavers. The bill of lading indicates that these were delivered to Harrah's on October 22, 2012. See Keating Aff. at ¶ 6.

In opposing the motion, Plaintiff argues that there are genuine issues of material fact regarding the identity of the manufacturer of the pavers installed at the exterior sun deck at Harrah's on May 30, 2012. Plaintiff objects to Roofblok's use of the Keating affidavit as self-serving and to the use of bills of lading not previously produced during discovery. Roofblok counters that it was served on March 10, 2016 and entered the case by answering the Fourth Amended Complaint on May 2, 2016, fact discovery closed May 27, 2016, Plaintiff never sought any discovery from Roofblok and did not seek to reopen fact discovery.

Fed. R. Civ. P. 26(a)(1)(D) provides: "[a] party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined, unless a different time is set by stipulation or court order." Where a party fails to provide its

Rule 26 disclosures, Rule 37(c)(1) provides: "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The exclusion of critical evidence, however, "is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904–905 (3d Cir. 1977) (citation omitted), overruled on other grounds, Goodman v. Lukens Steel, *777* F.2d 113 (3d Cir. 1985).

In determining whether "exclusion of evidence is an appropriate sanction for failure to comply with discovery duties":

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 148 (3d Cir. 2000); see also Pennypack Woods, 559 F.2d at 904-05. The Third Circuit has supplemented that list, also considering (5) "the importance of the excluded testimony" and (6) the party's explanation for failing to disclose.

Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997) (quoting Pennypack, 559 F.2d at 905).

While the Rules mandate that Roofblok's initial disclosures should have been served by April 10, 2016, there is little or no prejudice to Plaintiff because there was no evidence in the record linking Roofblok's tiles to Harrah's as of May 20, 2012 and Plaintiff did not seek out fact discovery from Roofblok, despite several case management conferences with the Court after Roofblok entered the case. Roofblok points out that, aside from insurance coverage information, the identification of Keating and the bills of lading are the extent of the information Roofblok was required to produce under Rule 26. Consideration of Keating's affidavit and the bills of lading will not disrupt any proceedings and there is no indication of bad faith or willfulness in Roofblok's failure to provide initial disclosures. Finally, Plaintiff has not filed a motion under Rule 37 or Rule 56(d). The Court will not impose the extreme sanction of excluding Roofblok's evidence presented in support of its motion for summary judgment.

Put simply, the record evidence shows that while Roofblok provided replacement pavers for Harrah's sun deck, these pavers were not provided until after Plaintiff's injury occurred. Because Plaintiff cannot show

proximate cause, summary judgment will be granted on his negligence and PLA claims against Roofblok.

## III. **<u>Conclusion</u>**

For the reasons stated herein, summary judgment is granted in favor of Roofblok as to all claims.

An appropriate Order shall issue.

Dated: April 17, 2017

s/ Joseph H. Rodriguez<br>
Hon. Joseph H. Rodriguez,<br>
UNITED STATES DISTRICT JUDGE