**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| HOWARD THOMPSON and DEBORAH THOMPSON, h/w | : : : | |
| Plaintiffs, | : : | **Hon. Joseph H. Rodriguez** |
| v. | : : | Civil Action No. 14-2397 |
| HARRAH'S ATLANTIC CITY HOLDING, INC., et. al. | : : : : | **Memorandum Opinion and Order** |
| Defendants. | : : | |

This matter is before the Court on a motion of Defendant Harrah's Atlantic City Operating Company's motion pursuant to Local Civil Rule 7(i) for reconsideration of the Court's March 29, 2018 Opinion and Order partially denying Defendant's motion to for summary judgment. Upon considering the arguments set forth by the motion, the Court will deny reconsideration.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). It must be stressed, however, that reconsideration is "an extraordinary remedy" and is granted "sparingly." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

To succeed on a motion for reconsideration, the moving party must show "more than a disagreement" with the decision it would like reconsidered. Anders v. FPA Corp., 164 F.R.D. 383, 387 (D.N.J. 1995). Instead, there must be some "dispositive factual matters or controlling decisions of law" that were presented to the Court, but not considered. Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 (D.N.J. 2002); United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J.

1999).  Thus, a "mere recapitulation of the cases and arguments considered by the court before rendering the original decision" does not warrant a grant of reconsideration. Carteret Sav. Bank, F.A. v. Shushan, 721 F. Supp. 705, 706 (D.N.J. 1989), modified, 919 F.2d 225 (3d Cir. 1990); accord In re Gabapentin Patent Litigation, 432 F. Supp. 2d 461, 463 (D.N.J. 2006); S.C. v. Deptford Twp. Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

A motion for reconsideration will likewise fail if the moving party merely raises arguments or presents evidence that could have been raised or presented before the original decision was reached.  NL Indus, 935 F. Supp. at 516.  Thus, the moving party must actually present "something new or something overlooked by the court in rendering the earlier decision." Khair v. Campbell Soup Co., 893 F. Supp. 316, 337 (D.N.J. 1995) (citing Harsco Corp., 779 F.2d at 909).  The word "overlooked" is the operative term and has been consistently interpreted as referring only to facts and legal arguments that might reasonably have resulted in a different conclusion had they been considered.  Summerfield v. Equifax, 264 F.R.D. 133, 145 (D.N.J. 2009) (citing United States v. DeLaurentis, 83 F. Supp. 2d 455, 474 n.2 (D.N.J. 2000)).

Defendants have not presented the Court with an intervening change in the controlling law, evidence not previously available, or a clear error of law that will result in manifest injustice. Defendants have argued that the Court overlooked applicable negligence principles and that the Court failed to address Defendant's request for summary judgment as to Plaintiffs' lack of medical expert opinion. The Court's opinion sets forth the applicable law and reasoning for potential liability against Defendant Harrah's.  As a result, the negligence principles underscoring Harrah's potential liability were not overlooked when the Court determined that Count III had been sufficiently pled in its opinion and as addressed during oral argument.

Harrah's also claims that the Court failed to address the fact that it never received the medical expert report of Plaintiff's named expert, Dr. Albert Anaim.  During oral

argument, Plaintiff's counsel averred that the report was sent to the Defendant's well before it was attached to the Plaintiff's opposition to the summary judgment motion and that the Defendants never mentioned the absence of the report when they noticed the expert's deposition. The Court accepted Plaintiff's counsel's averment during oral argument and believed the issue was moot because counsel has proof she sent the expert report to defendants' counsel. To the extent that was not made clear during oral argument on the record, the Court finds that Plaintiff has offered sufficient proof to survive summary judgment on the issue of causation.

Accordingly,

IT IS ORDERED this 14th day of February, 2019 that Defendant's motion for reconsideration [173] of this Court's March 29, 2018 Opinion and Order is hereby <u>DENIED</u>.

<u>s/ Joseph H. Rodriguez</u>
Joseph H. Rodriguez,
United States District Judge